**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANTE MORRIS FOREIGN TRUST VESSAL, | : | Civil No. 10-1757 (RBK) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| F.C.I. FORT DIX, | : | |
| Respondents. | : | |

| | | |
|---|---|---|
| DANTE MORRIS, | : | Civil No. 10-1802 (RBK) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, et al., | : | |
| Respondents. | : | |

| | | |
|---|---|---|
| DANTE MORRIS, | : | Civil No. 10-3784 (RBK) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondents. | : | |

APPEARANCES:

    DANTE MORRIS, #57833-066
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

    UNITED STATES ATTORNEY
    HOWARD WIENER, Assistant U.S. Attorney
    P.O. Box 2098
    Camden, New Jersey 08101

**KUGLER, District Judge**

Dante Morris, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, filed three pleadings in this Court seeking release from incarceration. Having thoroughly reviewed Petitioner's submissions in all three cases, as well as the government's Answer in Civil No. 10-3784 (RBK) and the docket in Petitioner's underlying criminal proceeding, see United States v. Morris, 99-0601 (ER) (E.D. Pa. filed Sept. 23, 1999), this Court will dismiss each pleading for lack of jurisdiction and deny a certificate of appealability.

## I. BACKGROUND

On September 23, 1999, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Petitioner with 36 counts of possessing and uttering counterfeit checks in violation of 18 U.S.C. § 513(a). See United States v. Morris, 99-0601 (ER) order [docket entry #73] (E.D. Pa. Aug. 13, 2010). Pursuant to a written plea agreement in which he waived his right to appeal and collaterally attack his conviction, on April 1, 2004, Petitioner entered a plea of guilty on all 36 counts. Id. Docket Entry #43. On June 23, 2004, United States District Judge Eduardo C. Robreno sentenced Petitioner to eight months of imprisonment, three years of

supervised release, $3,600 special assessment, and $29,135.17 in restitution. Id. Docket Entry No. 48. On August 9, 2004, the Probation Officer requested a warrant for Petitioner's arrest and filed a petition for revocation of supervised release based on Petitioner's failure to report to the Probation or otherwise comply with terms of supervised release. Id. Docket Entry Nos. 49, 73. On August 9, 2004, Judge Robreno issued a warrant for Petitioner's arrest. Id. On January 8, 2010, the U.S. Marshals Service arrested Petitioner and U.S. Magistrate Judge Wells granted the government's motion for temporary detention. Id. Docket Entry #52.

At a hearing on January 21, 2010, Petitioner admitted to the violations of supervised release. Id. Docket Entry #73. Judge Robreno revoked Petitioner's supervised release and committed him to the custody of the Bureau of Prisons ("BOP") for 24 months. Id. Docket Entry Nos. 58, 73. Petitioner filed a notice of appeal. Id. He thereafter filed motions under 28 U.S.C. § 2255 to vacate the order revoking supervised release. Id. Docket Entry Nos. 69, 72. On August 13, 2010, Judge Robreno denied the § 2255 motions without prejudice on the ground that Petitioner's direct appeal from the order revoking supervised release was pending before the Court of Appeals. Id. Docket Entry #73. By order filed November 8, 2010, the Third Circuit denied Petitioner's motion for release pending appeal, denied Petitioner's motion to strike the briefs filed by the government, and granted the government's motion to summarily affirm the order revoking supervised release. Id. Docket Entry Nos. 76, 77.[1]

---

[1] In 2010, Petitioner filed three petitions in the Third Circuit seeking a writ of mandamus directing the District Court to grant his release from prison, arguing that the District Court lacks jurisdiction over his case because he is a member of the "Washitaw de Dugdahmoundyah" and for other reasons, and his imprisonment violates international law. On November 12, 2010, the Third Circuit denied each mandamus petition, noting that the same lack of jurisdiction arguments had been raised on direct appeal. See In Re: Dante Morris, C.A. No. 10-1618 opinion (3d Cir.
(continued...)

Petitioner, who is incarcerated at FCI Fort Dix in New Jersey, filed pleadings on April 6, 2010, April 8, 2010, and July 21, 2010, seeking release from imprisonment.[2] The pleading in Docket No. 10-1757 (RBK) is captioned "DANTE MORRIS FOREIGN TRUST VESSAL VS. F.C.I. FORT DIX." See <u>Dante Morris Foreign Trust Vessal v. F.C.I. Fort Dix</u>, Civ. No. 10-1757 docket entry #1 (D.N.J. filed Apr. 6, 2010). The five-page pleading begins:

> On March 16th 2010 Beneficiary body of the Trust Dante Morris Foreign Trust was smuggled into Fort Dix F.C.I. after being unlawfully & illegally transferred & taken into unlawful federal custody 1-8-10 into F.D.C. to CCA to USP Canaan to MDC . . . & finally Fort Dix. Their federal employees unlawfully & illegally without my consent fingerprinted me took pictures and committed my body surety under trust account DANTEMORRISFOREIGN TRUST S57833066 which is immune exempt & in distress from U.S. Courts jurisdiction under . . . Treaty of Peace & Friendship.

(Docket Entry #1, p. 1.)

Petitioner thereafter filed in Civil No. 10-1757 (RBK): order to show cause with respect to release and discharge of a distressed vessel; "PRIVATE INDICTMENT AND INFORMATION UNDER TITLE 28 sections 1442" and "AFFIDAVIT OF PROBABLE CAUSE FOR ARREST AND SEIZURE;" "petition for redress of grievances under title 5 uscs § 701 & 702" seeking "injunctive relief in the form of compelling the warden to release & discharge the body from any commitment made without authority;" "ORDER TO COMPEL ACTION" asserting that "FCI FORT DIX HAS BEEN HOLDING DANTE MORRIS FOREIGN

---

[1](...continued)
Nov. 12, 2010); <u>United States v. Morris</u>, C.A. No. 10-3841 opinion (3d Cir. Nov. 12, 2010); <u>In Re: Dante Morris</u>, C.A. No. 3954 opinion (3d Cir. Nov. 12, 2010).

[2] Petitioner's projected release date is September 24, 2011. See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=57833-066&x=65&y=15 (Apr. 20, 2011).

TRUST VESSEL COMMANDER Chief Nanya-Amir:El hostage . . . since March 16th 2010...;" "HABEAS CORPUS AD SUBJICIENDUM PETITION" demanding release; "sos" to chief judge for release and discharge from federal custody; copies of administrative remedies seeking release; "Notice of Change of Venue" under Human Rights Treaties; "PETITION FOR ENTRY AND EXECUTION OF SUMMARY JUDGMENT AGAINST THE FBOP FORT DIX F.C.I. INJUNCTIVE RELIEF OF IMMEDIATE RELEASE AND DISCHARGE FROM BEING HELD HOSTAGE UNDER RANSOM NOTE." (Docket Entry Nos. 2-11.)

On April 8, 2010, Petitioner filed Petition for Redress of Grievances alleging breach of peace, plunder of distressed vessels and that the "Petitioner is held hostage on a ransom note," and seeking discharge from custody. See Morris v. United States, Civ. No. 10-1802 (RBK) (D.N.J. filed Apr. 8, 2010). Petitioner asserts that he is immune from prosecution in any federal court and he is being held against his will. Id. Docket Entry #1. Petitioner thereafter filed 15 documents similar to those filed in Civil No. 10-1757 (RBK). For example, he asserts that the Philadelphia Police Department unlawfully kidnapped him and took him hostage on October 19, 2003; the FBI illegally detained him the next day; he was unlawfully indicted on 36 counts by a "manufactured grand jury not of [his] peers;" he was "compelled" to sign a plea agreement; and he is immune from the United States under the Treaty of Peace and Friendship. (Docket Entry #4.) In most filings, Petitioner seeks "immediate release and discharge from federal custody which is proven and shown null and void abinitio nunc pro tunc." (Docket Entry #13.)

On July 21, 2010, Petitioner filed "PETITION to vacate, coerced plea, sentences, warrant, judgment, orders, indictment under 2255 b with prejudice for want of jurisdiction and exoneration." See Morris v. United States, Civ. No. 10-3784 petition (D.N.J. filed July 21,

2010). Petitioner asserts four grounds: immunity under the Unity Washitaw Tribal government; federal agents falsely arrested and maliciously prosecuted him; signatures were coerced; and the case was dismissed under international court order. (Docket Entry #1, p. 1.) Petitioner thereafter filed 14 documents similar to those described above, in which he generally seeks immediate release. On August 17, 2010, the United States filed an Answer seeking dismissal of the § 2255 petition on the grounds that the motion was improperly filed in this Court when Petitioner was sentenced in the Eastern District of Pennsylvania and, in any event, Petitioner's allegations are too conclusory to warrant relief. (Docket Entry #5.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal sentence must be brought in the sentencing court under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under §

2241 unless the remedy under § 2255 is "inadequate or ineffective."[3] See 28 U.S.C. § 2255(e). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[4] The Court of Appeals first determined that

---

[3] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

[4] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of
(continued...)

Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. While the Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, the court cautioned:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[5]

Here, this Court lacks jurisdiction to release Petitioner under § 2241 because Petitioner has not shown that § 2255 is inadequate or ineffective for Petitioner's claims, since he does not contend that, as a result of a Supreme Court decision issued subsequent to his sentence, the conduct for which he was convicted (uttering counterfeit checks) is now non-criminal. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents

---

[4](...continued)
the statute in Bailey applied retroactively under § 2255 to convictions that were final. See Bousley v. United States, 523 U.S. 614 (1998).

[5] Several courts of appeals have adopted similar tests. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). This Court accordingly lacks jurisdiction to entertain Petitioner's claim for release under § 2241.

This Court also lacks jurisdiction to entertain Petitioner's § 2255 motion to vacate. Section 2255(a) provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." As this Court did not impose the sentence under which Petitioner is confined, this Court lacks jurisdiction over a § 2255 motion to vacate that sentence.

### III. CONCLUSION

The Court dismisses the petitions and motion to vacate for lack of jurisdiction, and denies a certificate of appealability.

_____
**ROBERT B. KUGLER, U.S.D.J.**

Dated: __April 28__, 2011